# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **JENIKE ALLEN, Individually** and on behalf of all those similarly situated<br>c/o Minnillo Law Group Co., LPA<br>2712 Observatory Avenue<br>Cincinnati, Ohio 45208 | : : : : : : : | **CASE NO:**<br><br>**JUDGE:** |
| **Plaintiff,** | : : | |
| vs. | : : | |
| **ANGEL'S CARE FAMILY HOME, INC.**<br>c/o Dinsmore Agent Co.<br>255 East Fifth Street, Suite 1900<br>Cincinnati, Ohio 45202 | : : : : : : : | **CLASS ACTION COMPLAINT**<br><br>**(WITH JURY DEMAND)** |
| and | : : | |
| **TODD AND LISA SLOAN, Individually**<br>5 Rose Lane Farm<br>Loveland, Ohio 45140 | : : : : : | |
| **Defendants.** | : | |

Plaintiff Jenike Allen, individually and on behalf of all others similarly situated, for her Complaint against defendants Angel's Care Family Home, Inc., Todd Sloan and Lisa Sloan, individually (collectively "defendants") states as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff is a non-exempt employee of defendant Angel's Care Family Home, Inc. ("Angel's Care"). Plaintiff consistently worked in excess of forty hours per workweek without being paid overtime pay (i.e., time and one-half).

2. Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Title 29 of the Code of Federal Regulations, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01 *et seq.* Plaintiff seeks redress, including unpaid overtime pay for the three (3) years preceding the filing of this action, liquidated damages in an equal amount, declaratory and injunctive relief, and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

3. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215. Federal jurisdiction is invoked to secure protection of and to redress deprivations of rights under the statutes of the United States, specifically including the FLSA, 29 U.S.C. § 201, *et seq.*

4. Plaintiff seeks an exercise of this Court's Supplemental Jurisdiction as to the Ohio State law claims under 28 U.S.C § 1367.

5. Plaintiff is a citizen of the State of Ohio.

6. Defendants reside within or have their principal place of business within the Southern District of Ohio.

7. The acts and/or omissions complied of herein were committed and had a principal effect, as described more fully below, within the Southern District of Ohio, Western Division.

8. Venue is appropriate because the actions complained of by the plaintiff occurred within the Southern District of Ohio, Western Division.

## III. PARTIES

9. Plaintiff Jenike Allen is a citizen of the United States who resides in the City of Cincinnati, Hamilton County, Ohio. Plaintiff has been an employee of defendants since on or about January 2019. Plaintiff has signed a consent to participate in this action in accordance with 29 U.S.C. § 216(b), which is attached as Exhibit A.

10. Defendant Angel's Care is a for-profit corporation organized under the laws of the State of Ohio and is located at 688 Middleton Way in Loveland, Ohio. Angel's Care is an employer under 29 U.S.C. § 203(d).

11. Angel's Care is an enterprise within the meaning of 29 U.S.C. § 203(r).

12. Defendants Todd and Lisa Sloan, individually, are the owners of Angel's Care. Defendants Todd and Lisa Sloan are residents of this judicial district and set the terms and conditions of work for individuals employed at Angel's Care.

13. Defendants Todd and/or Lisa Sloan set rates of pay, set the policies, rules and regulations at Angel's Care and exercise operational control over Angel's Care.

14. Defendants Todd and Lisa Sloan are persons "acting directly or indirectly in the interest of an employer in relation to an employee" and, therefore, each meets the definition of "employer" within the meaning of 29 U.S.C. § 203(d).

15. The wage and hour violations alleged herein took place within Loveland, Ohio, which is within this judicial district.

## IV.  STATEMENT OF FACTS

16. Defendant Angel's Care is a residential care facility consisting of three homes for elderly residents who have Alzheimer's or other forms of dementia. Angel's Care provides 24-hour care to its residents.

17. Since on or about January 2019, plaintiff has been employed by Angel's Care as a Caregiver. Angel's Care employs three additional Caregivers.

18. Plaintiff did not graduate college.

19. The work performed by plaintiff and other Caregivers is non-exempt.

20. Beginning in or about April 2021, Angel's Care adopted and implemented a policy whereby Ms. Allen was paid straight time for hours worked up to and including 60 hours per workweek, and overtime pay (i.e., time and one-half) for hours worked in excess of 60 hours per workweek.

21. Similarly, Defendants have adopted a policy whereby the other Caregivers do not receive overtime pay for all hours worked in excess of forty (40) hours per workweek, but at a time thereafter, in violation of state and federal law.

22. As reflected in Plaintiff's Employee Earnings Record for the period of January 1, 2022 through May 31, 2022, attached as Exhibit B, defendant repeatedly failed to pay plaintiff overtime pay for hours worked in excess of 40 hours per workweek.

23. For example, during the workweek for which she was paid on January 3, 2022, plaintiff worked 67 hours. She was paid at her straight time rate for 60 hours and at her overtime rate for 7 hours.

24. During the workweek for which she was paid on January 24, 2022, plaintiff worked 78 hours. She was paid at her straight time rate for 60 hours and at her overtime rate for 18 hours.

25. During the workweek for which she was paid on February 7, 2022, plaintiff worked 75 hours. She was paid at her straight time rate for 60 hours and at her overtime rate for 15 hours.

26. Defendants' wage and hour policy caused plaintiff and those similarly situated, on multiple occasions during the two (2) years preceding the filing of this action, to be denied overtime pay for hours worked in excess of forty (40) hours in a workweek in violation of 29 U.S.C. § 207(a)(1).

## V.  COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings her FLSA claims under 29 U.S.C. § 216(b) as a collective action on behalf of the following opt-in Class (the "FLSA Class"):

> All Caregivers employed by Angel's Care Family Home, Inc., Todd Sloan and Lisa Sloan, at any time from three years prior to the date of filing this action through the present.

28. Plaintiff is similarly situated to all current and former hourly employees described in the FLSA Class.

## VI.  STATEMENT OF THE CLAIMS

### Count One
### Denial of Overtime Pay under the Fair Labor Standards Act
### 29 U.S.C. § 207(a)(1)

29. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

30. Defendants' denial of overtime pay at a rate not less than one and one-half times plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek violates the FLSA, including but not limited to the overtime provisions of 29 U.S.C. § 207(a)(1).

31. Plaintiff is entitled to recover from defendants overtime pay at a rate not less than one and one-half times the regular rate at which she was employed for all hours worked in excess of forty (40) hours per workweek during the period beginning two (2) years prior to the commencement of this action, together with liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

### Count Two
### Willful violation of FLSA
### 29 U.S.C. § 255(a)

32. Plaintiff incorporates by reference all of the above paragraphs as though fully

restated herein.

33. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that plaintiff is entitled to recover from defendants an appropriate amount during the period beginning three (3) years prior to the commencement of this action together with liquidated damages in an amount equal thereto and attorney's fees pursuant to 29 U.S.C. § 216(b).

### Count Three
### Violations of Ohio's Minimum Fair Wage Standards Act
### R.C. 4111.01 *et seq.*

34. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

35. Under R.C. 4111.01 *et seq.*, defendants were and are required to pay each of its non-exempt Ohio employees for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek. R.C. 4111.03(A) and 4111.10(A).

36. Defendants' conduct as described above violates the OMFWSA provisions governing payment of overtime.

37. Defendants have willfully and with reckless disregard deprived plaintiff of overtime compensation under the OMFWSA, which entitles plaintiff to liquidated and/or punitive damages and other appropriate relief.

### Count Four
### Failure to Pay Semi-Monthly Wages Due
### R.C. 4113.15

38. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

39. During the three-year period preceding the filing of this Complaint, defendants breached the requirement of R.C. 4113.15 by failing to pay plaintiff all wages owed to her within thirty days of their regularly scheduled semi-monthly payday for each pay period in which plaintiff and those similarly situated worked.

40. Defendant is liable for the unpaid wages and for additional amounts as liquidated damages and interest as provided by R.C. 4113.15.

## Count Five
## Unjust Enrichment/Quantum Meruit

41. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

42. Plaintiff conferred benefits upon the defendants when she worked hours and provided services to the defendants and patients/residents of defendants, and performed such other acts and conduct for defendants' benefit.

43. The benefits were conferred by plaintiff without receiving just compensation from defendants for the services rendered.

44. Defendants have been unjustly enriched by the benefits conferred by plaintiff and those similarly situated.

45. Plaintiff and those similarly situated are entitled to just compensation for the reasonable value of the services rendered to defendants.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against the defendants as follows:

1. An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

2. Prompt notice, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees of defendants that this litigation is pending, and they have the right to "opt-in" to this litigation;

3. Judgment against defendants for violating the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act;

4. An Order declaring that defendants' violations of the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act were willful;

5. An injunction prohibiting defendants from engaging in future overtime violations;

6. An award of unpaid wages as appropriate;

7. An award of overtime pay and liquidated damages thereon consistent with the provisions of the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act;

8. An award of plaintiff's reasonable attorney's fees and costs; and

9. All such other relief as the Court deems appropriate under the premises.

Respectfully submitted,

**MINNILLO LAW GROUP CO., LPA**

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:  (513) 723-1600
Fax: (513) 723-1620
rss@mlg-lpa.com
*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable in this matter.

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)