**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JENIKE ALLEN, et al.,** | : | **CASE NO: 1:22-cv-00358** |
| **Plaintiffs,** | : | **JUDGE MICHAEL R. BARRETT** |
| vs. | : | |
| **ANGEL'S CARE FAMILY HOME, INC., et al.** | : | **PLAINTIFF'S UNOPPOSED MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE** |
| **Defendants.** | : | |

NOW COMES Plaintiff, Jenike Allen, who moves the Court pursuant to 29 U.S.C. § 216(b) for conditional certification to members of the proposed Fair Labor Standards Act class. Plaintiff requests that the Court conditionally certify the following group of employees:

> All Caregivers who were paid straight time for any hours in excess of forty (40) hours in a workweek from June 21, 2019 to the present.

Plaintiff requests this Court approve the proposed Notice to the potential class members. (Exhibit 1). Plaintiff further requests that the Court order Defendants to produce a list of names and addresses and other information necessary for identifying and contacting all persons within the proposed class.

This Motion was emailed to Jeremy Smith, counsel for Defendants on October 12, 2022 who has reviewed the motion. Mr. Smith confirmed that, while Defendants dispute the factual assertions made in this motion and deny they are liable for Plaintiff's claims, in the interest of judicial economy, Defendants do not oppose the relief requested by this Motion; conditional certification of the defined FLSA collective.

In not opposing this Motion, Defendants to not waive any defenses or arguments Defendants may otherwise be able to assert, including arguments that the collective action may later be de-certified.

A memorandum in support is attached.

Respectfully submitted,

STOKAR LAW, LLC

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)
404 E. 12th St. – First Floor
Cincinnati, Ohio 45202
Tel: (513) 500-8511
rss@stokarlaw.com
*Counsel for Plaintiff*

**MEMORANDUM**

I.   **INTRODUCTION**

Plaintiffs bring this Motion for Conditional Certification pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 and 216(b)("FLSA").  Plaintiff requests this Court conditionally certify the following group of employees in the FLSA collective action: All Caregivers who were paid straight time for all hours in excess of forty (40) hours in a workweek from June 21, 2019 to the present.  Plaintiff estimates there are approximately fifteen (15) potential opt-in Plaintiffs who fit the criteria of this putative collective.

These current and former employees were denied overtime pay as a result of policies and practices wherein the employees were not paid at least one and one-half times their hourly rate of pay until they worked at least sixty (60) hours in a workweek.  Under state and federal law, the employees were required to be paid at least one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) in a workweek.

Plaintiffs seek conditional certification and authorization to send judicial notice of this action to the members of the proposed class who have not yet joined this case.  Granting Plaintiff's motion and authorizing judicial notice to these employees will provide an efficient means for members of the proposed class to join the case and toll their statute of limitations before their claims expire or are further diminished by the passing of time.

Conditional certification of the proposed class of hourly employees is consistent with the Sixth Circuit's rulings in *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 583 (6th Cir. 2009) and *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006), and with this Court's recent rulings in *Seger v. BRG Realty, LLC*,  No. 1:10cv434, 2011 WL 2020722  (S.D.Ohio May 24, 2011) and *Swigert v. Fifth Third Bank*, 276 F.R.D. 210, (S.D.Ohio August 31, 2011).

3

Under this authority, the standard for conditional certification is whether proposed class members are "similarly situated" to plaintiff, and at this stage of the litigation that standard is "fairly lenient." *O'Brien*, 575 F.3d at 584 (explaining that § 216(b)'s "similarly situated" requirement is less stringent than Rule 23(b)(3)'s requirement that common questions predominate); *Comer*, 454 F.3d at 547; *Seger*, 2011 WL 2020722 at *2; *Swigert*, 276 F.R.D. at 213.

Plaintiff satisfies this burden because she shared common job duties and was subjected to the same systematic practices of the Defendants, which resulted in non-payment of overtime pay. Indeed, the pay stub reports attached to Plaintiff's complaint demonstrate the non-payment of overtime pay. (*See* PAGE ID#s 10-13).

As shown in Exhibit B to the Complaint (ECF No. 1-2), plaintiff was paid weekly. Her weekly pay stubs reflect that she did not start being paid overtime until she worked in excess of sixty (60) hours. For example, the check paid on January 14, 2022 reflects Plaintiff earning straight time wages for sixty (60) hours and overtime wages at one and one-half her normal hourly rate for thirteen (13) hours. (*See* PAGEID #10.) Had Defendants maintained a lawful pay practice, Plaintiff would have been paid for forty (40) hours at her straight time rate and thirty-three (33) hours at her overtime rate for the subject workweek.

Plaintiff and members of the proposed class are similarly situated with respect to their job classification, their job duties, their denial of the same statutory protections as to compensation, and as having been subjected to the same policies and practices. Plaintiff and the members of the proposed class should thus be allowed to join collectively in this action. *Seger*, 2011 WL 2020722 at *2; *Swigert*, 276 F.R.D. at 213.

Plaintiff respectfully request that the Court grant this motion and: (1) conditionally certify this action for purposes of notice and discovery; (2) order that judicial notice be sent to all members of the proposed class; (3) approve the form, content, and distribution of Plaintiff's proposed judicial notice; and (4) order Defendant to produce to Plaintiff's Counsel contact information for each member of the proposed class.

## II. PROCEDURAL HISTORY AND FACTS

### A. Background.

Plaintiff filed this action on June 21, 2022. Plaintiff alleges Defendants failed to pay Plaintiff, and all others similarly situated, overtime pay for all hours worked in excess of forty (40) hours per workweek, thus denying Plaintiff and members of the proposed overtime pay. Instead, Defendants devised an "alternate pay structure" whereby employees were paid overtime pay only after working sixty (60) hours in a workweek. This motion is filed early in these proceedings to attempt to preserve the claims of potential Plaintiffs.

### B. The Parties.

Defendant Angel's Care Family Home, Inc. ("Angel's Care") is a for-profit Ohio corporation operating multiple residential care facilities for elderly residents with Alzheimer's or other forms of dementia. (ECF No. 1 at ¶¶ 10, 16). Defendants Todd and or Lisa Sloan are the owners of Angel's Care. (ECF No. 1 at ¶ 12). Defendants set the policies and procedures, including devising the unlawful pay structure, of the non-exempt employees at Defendants, including Plaintiff. (ECF No. 1 at ¶¶ 12-13).

Plaintiffs and members of the proposed class are or were employed by Defendants performing non-exempt work at Defendants during the relevant time period. Specifically,

Plaintiff and the proposed class were employed as "Caregivers," providing 24-hour care to the residents of Defendants' facilities.

Plaintiff worked as non-exempt hourly employee for Defendants within the last three years. (*See* Allen Affidavit, Ex. 2). Plaintiff Allen did not graduate college and had no managerial responsibility. *Id.* While employed with Defendants' Plaintiff performed various caregiver duties. *Id.*

### C. Plaintiffs' Job Duties.

Plaintiff most recently worked for Defendants from May 2019 until she voluntarily resigned in August 2022. (*See* Allen Affidavit). While employed with Defendants, she provided caregiving services to the vulnerable population who resided at Defendants. Specifically, she assisted the residents of Defendants with their activities of daily life. In doing so, Plaintiff's duties included, but were not limited to: cooking meals for the residents, assisting the residents with getting dressed and doing their laundry, taking out the trash at the facility, and cleaning the facility. *Id.*

### D. Defendants' Policies and Practices.

Defendants' policy is to avoid paying overtime to their hourly employees by paying employees one and one-half times their regular hourly rate after working sixty (60), not forty (40) hours per workweek. (*See* ECF No. 1, at ¶ 20; Ex. B). For example, for the workweek corresponding to a February 7, 2022 paycheck, Plaintiff worked seventy-five (75) hours. She was paid sixty (60) hours of straight time pay and fifteen (15) hours of overtime pay. (*See* ECF No. 1, PAGEID# 11). For the workweek corresponding to the March 14, 2022 paycheck, Plaintiff

worked fifty seven and three-quarter (57.75) hours and was paid straight time for all hours worked. *Id.*

The net result of Defendants' policies and practices was that hourly Caregivers did not receive overtime pay for hours worked in excess of 40 hours in a week. *Id*. Defendants' practices and policies thus violated the FLSA as detailed in the Complaint.

### III. ARGUMENT

#### A. The Standard for Conditional Certification Under the FLSA is Lenient

Under the FLSA, an action for unpaid minimum wages and overtime pay may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*." 29 U.S.C. § 216(b) (emphasis added). Whether employees are "similarly situated" depends on their being "unified by common theories of defendants' statutory violations." *Seger*, 2011 WL 2020722 at *2, *Swigert*, 276 F.R.D.at 213. "Similarly situated" persons are permitted to "opt into" the suit, thereby forming a "class." *Comer*, 454 F.3d at 546.

Courts in the Sixth Circuit, including this one, divide the "similarly situated" inquiry into two stages. *Id*.; *Swigert, 276 F.R.D. at 213*. At the first stage—the "initial notice" stage—the Court's task is to determine whether conditional certification is appropriate and whether notice should be sent to putative collective class members. *Swigert*, 276 F.R.D.at 213 (*citing White v. MPW Indus. Servs. Inc.*, 236 F.R.D. 363, 366 (E.D.Tenn. 2006)); *Seger*, 2011 WL 2020722, at *2.

The initial notice stage typically occurs prior to discovery, and "[b]ecause the Court has minimal evidence at this stage, the determination is made using a fairly lenient standard." *Swigert,* 276 F.R.D. at 213. Once the action is conditionally certified, notice is provided to the proposed class members and discovery proceeds. "At the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make

7

credibility determinations, or decide substantive issues." *Swigert*, 276 F.R.D. at 214 (*citing Burdine v. Covidien, Inc.*, No. 1:10cv194, 2011 WL 2976929 at *2–4 (E.D.Tenn. June 22, 2011); *Seger*, 2011 WL 2020722, at *3. The analysis at the first stage is less stringent than that required for class certification under Rule 23(b)(3), and Plaintiffs need only show that their claims are "unified by common theories of statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Swigert*, 276 F.R.D. at 213 (*citing O'Brien,* 575 F.3d at 585).

A court's certification of a class at the notice stage is "conditional and by no means final." *Comer,* 454 F.3d at 546; *Swigert*, 276 F.R.D. at 213. "At the *second* stage of the proceedings, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigert*, 276 F.R.D. at 213 (emphasis added). *See also Oakes v. Bernard*, No. 5:11-CV-1006, 2011 WL 6415535 at * 6-7 (N.D.Ohio, November 22, 2011))(Opt-in class certified where plaintiffs (air conditioning installation and maintenance workers) were able to meet the "modest factual showing" of being similarly situated and unified by common theories of defendants' statutory violations (failure to pay for all time actually worked) with only two affidavits; Magistrate's recommendation adopted by the court December 21, 2011).

The instant case is at the 'initial notice' stage. Accordingly, in deciding whether to certify the "opt-in" class, this Court should employ the "similarly situated" standard and apply it leniently.

**B.     Plaintiff Has Met Her Burden of Showing she is "Similarly Situated" to the Proposed Class Members.**

In determining whether Plaintiff and proposed class members are similarly situated at the initial notice stage, courts look to whether they were all allegedly denied the same statutorily protected compensation, whether they are similarly classified by the employer, whether they have the same primary job duties, and whether they were all subjected to the same policy. *Swigert*, 276

8

F.R.D. at 213; *Seger*, 2011 WL 2020722 at *2; *see also Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) ("Conditional class certification is appropriate ... where all putative class members are employees of the same restaurant enterprise and allege the same types of FLSA violations ... [and their] ... declarations provide a factual nexus between their claims."). *See also* Comer, 454 F.3d at 546–47 (at the first stage, a plaintiff need only show "that 'his position is similar, not identical, to the positions held by the putative class members.'").

In *Swigart*, this Court conditionally certified a class of mortgage loan officers where the plaintiffs alleged that they were all denied overtime when they had to work more than forty hours a week to meet their job requirements, had the same primary job duties, and the repercussions of not meeting their job requirements included potential termination. *Swigart*, 276 F.R.D. at 214. Similarly, in *Burdine v. Covidien, Inc.*, the magistrate judge recognized the "modest showing" required, and granted the plaintiffs' motion for conditional certification based on the affidavits of five employees (pharmaceutical sale representatives) who described their job duties similarly, and who alleged working more than 40 hours per week without overtime pay. *Burdine*, 2011 WL 2976929, at *2-3.

At this juncture, Plaintiff requests conditional certification for a limited class of Caregivers employed by Defendants within three years prior to the filing of the complaint. Defendants, by not opposing this motion, accept, at least at this stage of the proceeding, Plaintiff is similarly situated to the proposed class members.

Plaintiff and members of the proposed class are and were classified similarly by Defendants: as hourly workers. Plaintiff and members of the proposed class all had the same primary job duties, including: cooking meals for the residents, assisting the residents with getting dressed and doing their laundry, taking out the trash at the facility, and cleaning the facility. (*See*

Allen affidavit) Plaintiff and members of the proposed class were all subjected to the same policies and practices which deprived them of their rights under the Fair Labor Standards Act, specifically: not being paid overtime for all hours worked in excess of forty (40) in a workweek.

Plaintiff and members of the proposed class are sufficiently similarly situated to satisfy the burden at this stage. They worked the same job, performed the same duties, were subject to the same policies and practices, and denied the same statutorily protected overtime pay. Accordingly, Plaintiff respectfully requests that the Court approve her Unopposed Motion for Conditional Certification.

    **C.**     **Judicial Notice is Appropriate**

"No employee shall be a party plaintiff to any FLSA action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); see also *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

"Accurate and timely notice concerning the pendency of a collective action promotes judicial economy because it discourages class members from filing numerous identical suits and instead allows them to pursue their claims in one case where the same issues of law and fact are already being addressed." *Swigart,* 276 F.R.D. at 214 *(citing Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)). Courts may facilitate notice to putative collective class members so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits. *Hoffman-LaRoche*, 493 U.S. at 168-69. District Courts have "a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id*. at 170-71.

As the Supreme Court has explained, the FLSA's collective action mechanism serves the dual purpose of lowering litigation costs for individual plaintiffs and decreasing the burden on the courts through "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann-La Roche,* 493 U.S. at 170. "These benefits . . . depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*.

1. **The statute of limitations is running on putative collective class members' claims.**

The statute of limitations under the FLSA is not tolled for unnamed members of the proposed class with the commencement of the action or even with an order granting conditional certification. *Lewis v. Huntington National Bank*, 789 F.Supp.2d 863, 867 (2011); *Fisher v. Michigan Bell Tel. Co.*, 665 F.Supp.2d 819, 828-29 (2009).

Prompt court action and judicial notice is particularly important in this case. In this case, Plaintiff, and perhaps other class members, have ended employment with Defendants, and their claims are being diminished by the passage of time. (*See* Allen Affidavit).

2. **Court-facilitated notice promotes judicial economy.**

Judicial notice promotes judicial economy because it discourages class members from filing numerous identical suits and instead allows them to pursue their claims in one case where the same issues of law and fact are already being addressed. *See Hoffmann-La Roche*, 493 U.S. at 170. Collective adjudication of this case will save the time and resources of the Court and the parties and will avoid disparate rulings that could arise if each class member filed individual suits.

Because judicial notice is efficient, and will assist members of the proposed class in establishing their claims, Plaintiff respectfully submits that the Court should approve judicial notice.

### D. Plaintiffs' Proposed Judicial Notice is Accurate and Informative.

Judicial notice must be "timely, accurate, and informative." *Hoffmann-La Roche,* 493 U.S. at 172; *Swigert*, 276 F.R.D. at 214. Plaintiff's proposed Judicial Notice, attached as Exhibit 1, accomplishes these goals. A similar notice was used in a leading Southern District FLSA case, *O'Brien v. Ed Donnelly Enterprises, Inc.*, et al., No. 2:04cv00085, Docket Document 41, (S.D.Ohio, December 15, 2004). Plaintiffs propose that this notice be sent to Caregivers who worked for Defendants within the three years preceding the commencement of this action.

The three-year time period is based on the FLSA's three-year statute of limitations for willful violations, which is what Plaintiff alleges. *See* 29 U.S.C. § 255(a); *Viciedo v. New Horizons Computer Learning Ctr. of Columbus, Ltd.*, 246 F. Supp. 2d 886, 900-01 (S.D. Ohio 2003) ("Such claims may be governed by a three-year statute of limitations, however, where the statutory violation was "willful."). Plaintiff also requests that the Judicial Notice be disseminated to the employees via email when possible. This Court allowed email transmission of Judicial Notice. *Swigert*, F.R.D. 276 at 215.

Finally, Plaintiff asks that the Court order a 60-day notice period for putative class members to join the case..

### E. The Court Should Compel Defendant to Produce Information Necessary for Notice

So that Plaintiff can accurately and efficiently facilitate Judicial Notice, Plaintiff requests that the Court order Defendants to produce to Plaintiff's counsel, within fourteen (14) calendar days of the entry of an Order certifying the class and authorizing notice, all contact information in

12

the possession or under the control of Defendants related to members of the proposed class. The list to be produced should contain each employee's full name, last known mailing address(es), last known personal email address(es) (for former employees only), and dates of employment. *See Swigert*, 276 F.R.D. at 215.

## IV. CONCLUSION

Conditional certification is appropriate in this case and not opposed by Defendants, subject to the non-waiver of certain defenses and arguments. Plaintiff and the members of the proposed class performed the same work and are unified by their treatment while in the employ of these Defendants. Plaintiff's evidence satisfies the fairly lenient standard at this stage of the proceedings.

Accordingly, Plaintiff respectfully requests that the Court issue an order: (1) conditionally certifying this case as a collective action; (2) authorizing Plaintiff to send judicial notice to the members of the proposed class; (3) approving Plaintiff's proposed notice; (4) compelling Defendant to produce a list of the members of the proposed class containing the requested information; and (5) authorizing a sixty (60) day notice period for members of the proposed class to join the case.

Respectfully submitted,

STOKAR LAW, LLC

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)
404 E. 12th St.
First Floor
Cincinnati, Ohio 45202
Telephone (513) 500-8511
rss@stokarlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022 I electronically filed the foregoing Unopposed Motion for Conditional Certification and Judicial Notice with the clerk of courts using the CM/ECF system, which will give notice to all counsel of record.

*/s/ Robb S. Stokar*
Robb S. Stokar (OH- 0091330)