# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Jenike Allen, on behalf of herself individually and as representative for opt-in Plaintiff Austin Dunn (Ms. Allen and Mr. Dunn are collectively referred to as "Plaintiffs"), together with Angel's Care Family Home, Inc. ("Angel's Care"); Todd Sloan; and Lisa Sloan ("Defendants," collectively with Plaintiffs, "Parties").

## RECITALS

WHEREAS, Ms. Allen is a former employee of Angel's Care;

WHEREAS, Mr. Dunn is a current employee of Angel's Care;

WHEREAS, on June 21, 2022, Ms. Allen filed a lawsuit in the United States District Court for the Southern District of Ohio ("Court"), currently pending as Case No. 1:22-cv-358 ("Lawsuit"), alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and Ohio law by not paying Ms. Allen and other employees all wages owed;

WHEREAS, on October 18, 2022, the Court granted Ms. Allen's motion for conditional certification of her FLSA claim and authorized notice of the Lawsuit to be sent to similarly situated individuals;

WHEREAS, pursuant to the Court's order, notice of this lawsuit was sent to "All Caregivers who were paid straight time for any hours in excess of forty (40) hours in a workweek from June 21, 2019 to the present;" including, *inter alia*, Mr. Dunn;

WHEREAS, on January 9, 2023, Mr. Dunn filed a consent to join Ms. Allen's FLSA collective action;

WHEREAS, Defendants deny all claims Plaintiffs assert in the Lawsuit; and

WHEREAS, the Parties now desire to reach a complete and final settlement of any and all differences that exist or may exist between them as set forth in the Lawsuit; and

NOW, THEREFORE, in consideration of the mutual promises and valuable consideration described below, the Parties agree as follows:

1. As used in this Agreement, these words shall have the following meanings:

    a. The term "RELEASEES" means Defendants Angel's Care Family Home, Inc.; Todd Sloan; and Lisa Sloan; as well as their owners, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, and parents, divisions, subsidiaries, and affiliates (including agents, directors, officers, employees, representatives, and attorneys of such parents, divisions, subsidiaries, and affiliates), and all persons acting by, through, under, or in concert with any of them.

    b. CLAIM or CLAIMS means any and all complaints, lawsuits (including without limitation, the Lawsuit), claims, liabilities, obligations, promises, agreements, grievances, controversies, damages, actions, causes of action, rights, demands, losses, debts, and expenses (including court costs and attorney's fees actually incurred) as more fully detailed in Paragraphs 5 and 6 below.

## SETTLEMENT PAYMENTS

2. Subject to the Court's approval (as explained below), in consideration for this Agreement, Angel's Care agrees to pay Plaintiffs a total sum of $42,643.75 within fourteen (14) calendar days after all of the following occur: (i) Ms. Allen executes this Agreement and provides an executed copy to Defendants; (ii) Defendants receive W-9 forms from Plaintiffs and their counsel; (iii) Defendants receive confirmation of Plaintiffs' addresses; and (iv) the Court grants the Parties' forthcoming motion for approval of this settlement.  The Settlement Amount shall be issued as follows:

    a. One check shall be made payable to Stokar Law, LLC, in the amount of $17,662.39, representing Plaintiffs' attorneys' fees and costs and for which an IRS Form 1099 shall be issued to Plaintiffs and their counsel;

    b. One check shall be made payable to Jenike Allen in the amount of $8,700.00, representing alleged damages for which an IRS Form 1099 shall issue to Ms. Allen;

    c. One check shall be made payable to Jenike Allen in the amount of $8,700.00, representing alleged lost wages for which an IRS Form W-2 shall issue to Allen;

    d. One check shall be made payable to Austin Dunn in the amount of $3,790.68, representing alleged damages for which an IRS Form 1099 shall issue to Mr. Dunn; and

    e. One check shall be made payable to Austin Dunn in the amount of $3,790.68, representing alleged lost wages for which an IRS Form W-2 shall issue to Mr. Dunn.

3. Plaintiffs agree to indemnify and hold RELEASEES harmless for any tax liability, together with any interest or penalties assessed thereon, which Plaintiffs and/or RELEASEES may be assessed by the United States Internal Revenue Service, or any state or local department of taxation arising from the payment made to Plaintiffs or their counsel pursuant to this Agreement, with the limited exception of the employer's portion of any applicable withholding, for which Defendants shall be responsible.

4. Each party shall bear all other fees, costs, and expenses incurred by their own attorneys or advisors in connection with the action or this Agreement and the settlement it represents (except as otherwise set forth herein).

## RELEASE OF CLAIMS

5. In exchange for her receipt of the above-referenced payments, and as a material inducement to Defendants to enter into this Agreement, Ms. Allen releases RELEASEES from all CLAIMS, demands, liabilities, and causes of action of every nature and description, under federal, state, and/or local law, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and expenses, whether known or unknown.

6. In exchange for his receipt of the above-referenced payments, and as a material inducement to Defendants to enter into this Agreement, Mr. Dunn releases RELEASEES from all CLAIMS, demands, liabilities, and causes of action based on any actual or alleged violations of any federal, state, or local wage and hour laws, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and expenses, whether known or unknown.

   a. Mr. Dunn's settlement checks set forth in Paragraphs 2(d) and 2(e) will be sent in an envelope which includes a copy of this Agreement, a copy of the Court's order approving same, and a notice which states:

   By cashing or negotiating either of these checks, you agree to be bound by the Settlement Agreement and Release executed, and approved, in *Allen v. Angel's Care Family Home, Inc., et al.*, Southern District of Ohio Case No. 1:22-cv-358. By cashing or negotiating either of these checks, you irrevocably and unconditionally release RELEASEES (as defined by the Settlement Agreement and Release) from all CLAIMS (as also defined in the Settlement Agreement and Release), demands, liabilities, and causes of action based on any actual or alleged violations of any federal, state, or local wage and hour laws, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and expenses, whether known or unknown.

   b. If Mr. Dunn fails to cash or negotiate either of the settlement checks payable to him, he will not release the claims set forth in this Paragraph 6.

7. The Parties acknowledge that this Agreement is a compromise of a disputed CLAIM and any actions taken in connection with it do not constitute, and should not be understood as constituting, an acknowledgment, evidence, or an admission of any liability or violation of any law or statute, the common law, or any agreement which exists or which allegedly may exist by and between RELEASEES and Plaintiffs. Defendants deny and disclaim any liability to Plaintiffs and, by entering into this Agreement, intend merely to avoid further litigation and defense costs.

8. Ms. Allen agrees that she will not disparage, defame, or slander RELEASEES in any way to any person or entity, including but not limited to, conduct on social media forums. Ms. Allen shall not encourage other individuals to disparage, defame, or slander RELEASEES, in any way to any person or entity.

Nothing in this Paragraph or in this Agreement as a whole is intended to in any way abrogate the rights afforded to Plaintiffs by Section 7 of the National Labor Relations Act ("NLRA"), which provides Plaintiffs with the right to engage in concerned activities for the purpose of collective bargaining or other mutual aid and protection in the workplace. The restrictions outlined in the previous paragraph do not apply if Plaintiffs seek to disclose accurate information for purposes of exercising their rights under the NLRA.

9. By accepting this Agreement, Plaintiffs acknowledge that RELEASEES have paid them, through the date of his signature below, all wages, bonuses, and other forms of compensation due for work performed on behalf of RELEASEES, including any overtime wages due. Plaintiffs further agree that, except as otherwise provided in this Agreement, they are not entitled to receive any compensation, fringe benefits, severance benefits, or any other employee benefits of any kind from the RELEASEES.

## APPROVAL AND DISMISSAL OF THE ACTION

10. The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this settlement, to effectuate this Agreement's terms, and to dismiss the Lawsuit with prejudice.

11. The Parties agree that the settlement is fair, adequate, and reasonable and will so represent to the Court.

12. The Parties will jointly move the Court for entry of an order granting final approval of this settlement and entering judgment to dismiss the Lawsuit with prejudice.

13. In conjunction with the parties' forthcoming motion for settlement approval, Plaintiffs' counsel will ask the Court to award payment of $17,662.39, which consists of $17,220.50 in attorney fees and $441.89 in costs. Defendants do not oppose this request, and will represent the same to the Court. However, this Settlement Agreement is not contingent upon the Court granting Plaintiffs' counsel's motion for fees. In the event the Court approves this Agreement, but denies or reduces Plaintiffs' counsel's request for fees, all other terms in this Agreement shall remain valid and enforceable.

## MISCELLANEOUS

14. No promise, consideration or payment other than those expressed in this instrument have been made or offered by Defendants.

15. The terms and provisions of this instrument will be binding upon and inure to the benefit of the Parties as well as their respective heirs, executors, administrators, successors and assigns.

16. Plaintiffs agree not to encourage or cooperate with other wage and hour lawsuits against Defendants unless required by law.

17. The Parties and their counsel agree that they will not issue any press release or statements to the media announcing the contents of this Agreement, initiate any contact with the media about the contents of this Agreement, or respond to inquiries about this Agreement from the media.

18. This Agreement may be executed in counterparts and each executed version, upon delivery, shall be deemed to constitute an original. Each counterpart signed by either of the Parties may be delivered by mail, facsimile, or electronic means and shall become effective as of the date the same is received by the other party or by counsel retained to represent such other party's interests in concluding the terms and conditions of the Agreement.

19. The Parties agree that the terms of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Agreement.

20. This Agreement may not be changed, altered, or modified except in writing and signed by the Parties as well as approved by the District Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

21. This Agreement is governed by the law of the state of Ohio without regard to its choice of law principles.

22. The Parties have read the Agreement, are fully informed of its contents, and sign as their own free acts, being above the age of majority and upon advice of counsel.

23. Ms. Allen, as the named Plaintiff in this collective action, executes this Settlement agreement on behalf of herself and in representative capacity on behalf of Mr. Dunn. By filing his consent form, Mr. Dunn agreed to have his interests represented by Ms. Allen's counsel. (*See* Dkt. 9-1, Notice to Collective Members).

_____ _____
Jenike Allen                                    Date


Angel's Care Family Home, Inc.

By: _____   *Todd Sloan*

Its: _____   President

Date: _____  6/26/2023


*Todd Sloan*
_____   _____  6/26/2023
Todd Sloan                                      Date

*Lisa Sloan*
_____   _____  6/26/2023
Lisa Sloan                                      Date

6

_____   6-23-23
Jenike Allen                      Date


Angel's Care Family Home, Inc.

By: _____

Its: _____

Date: _____


_____   _____
Todd Sloan                         Date


_____   _____
Lisa Sloan                         Date