UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JENIKE ALLEN, et al., | : | CASE NO: 1:22-cv-00358 |
| | : | |
| Plaintiffs, | : | |
| | : | JUDGE MICHAEL R. BARRETT |
| vs. | : | |
| | : | |
| ANGEL'S CARE FAMILY HOME, INC., et al. | : | DECLARATION OF ROBB S. STOKAR |
| | : | |
| Defendants. | : | |

I, Robb Sneiderman Stokar, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

### Background Information

1. I am a member in good standing of the bars of the state of Illinois and Ohio. I respectfully submit this declaration in support of Plaintiff's Unopposed Motion for Approval of FLSA Settlement and for Attorneys' Fees and Costs. The following is based on my personal knowledge and, if called upon to do so, I could and would competently testify thereto.

2. I am the founder and owner of Stokar Law, LLC and am counsel for Jenike Allen and the FLSA Collective in the above-captioned case.

3. I began litigating this case as an equity partner with the Minnillo Law Group (f/k/a Minnillo & Jenkins). When I founded Stokar Law, LLC, Ms. Allen selected me as her legal representative.

4. Stokar Law, LLC was founded in August 2022 and has been in continual operation since its founding.

5. I have extensive experience in labor and employment matters, including class and collective actions.

6. I graduated from Cornell University's School of Industrial and Labor Relations in 2003. I obtained a law degree from The Ohio State University Michael E. Moritz College of Law in 2007.

7. I passed the 2007 Illinois Bar Exam and was admitted to Ohio in 2013 by waiver.

8. I am currently admitted in the state bar for Illinois, the Northern, Central, and Southern Districts of Illinois, the 7th Circuit Court of Appeals, the Trial Bar for the Northern District of Illinois, as well as the state bar for Ohio and the Northern and Southern Districts of Ohio.

9. Since January 2016, my practice has been focused on labor and employment law, including class and collective actions.

10. I have served as lead counsel or second chair in a number of wage and hour cases, and class/collective matters including, but not limited to: *Smith v. CITE, LLC et. al.*, NDOH Case No. 1:15cv06314 (restaurant industry FLSA case); *Turecky v. Boomtown Entertainment, LLC et. al.*, SDOH Case No. 1:2015cv00527 (restaurant collective action wage and hour matter); *Kimber Baldwin Designs, LLC v. Silv Communications, Inc. et. al.* SDOH Case No. 1:2016cv00448 (class action "slamming" case); *Williams et. al. v. Winton Transportation, Inc.* SDOH Case No. 1:17cv00101 (collective action FLSA overtime case); *Pittman v. Rogers Pavement Maintenance, Inc. et. al.*, SDOH Case No. 1:2018cv000717 (collective action FLSA overtime case); *Tunstill et. al. v City of Cincinnati*, 1:2019cv000366, (collective action FLSA misclassification and overtime case); *Welborne v. Kiss Auto Glass, Inc., et. al.*, SDOH Case No. 1:2020cv000421 (FLSA overtime case); *Sunyak et. al. v. City of Cincinnati et. al.*, SDOH Case No. 1:2011cv00455 (Class action City of Cincinnati pension litigation); *Smith et. al. v. Fifth Third Bank*, SDOH Case No. 1:2018cv00464 (Class action bank fee litigation), *Pitts v. Devoted Helping Hands, LLC et. al.,*

SDOH Case No. 1:2022cv00171 (FLSA misclassification and overtime case); and *Capehart v. McDonald's Restaurants of Kentucky, Inc.* EDKY Case No. 2:2018cv00025 (FLSA overtime case).

**Litigation and Resolution of this Matter**

11. Plaintiff's complaint alleges that defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.,* when they devised an "alternative pay structure" whereby non-exempt employee caregivers received an increase in their hourly base wage in exchange for being paid overtime at a rate of one and one-half times their hourly rate for all hours worked in excess of sixty (60) hours per workweek, not forty (40) hours per workweek.

12. Wage and hour cases are complicated and time-consuming matters. The wage and hour issues in this litigation are governed by the highly technical federal FLSA laws and regulations.

13. The Court granted FLSA conditional certification in this matter for a limited putative class of caregivers who were past and current employees of defendants.

14. Defense counsel provided plaintiff's counsel the mailing addresses of the individuals in the putative class, who received notice of this action via regular U.S. mail.

15. Counsel received a single, executed opt-in form from Austin Dunn, which was filed with the Court.

16. Thereafter, defense counsel provided plaintiff's counsel with the pay records and hours worked for Jenike Allen and Austin Dunn.

17. Plaintiff's counsel worked diligently to analyze the complicated pay records which included additional coding necessitated by the COVID-19 pandemic and various business and tax incentives associated therewith.

18. Upon analysis of the records and presentation of theories of liability and damages to defense counsel, defense counsel maintained the good-faith defense that the alternative pay structure was a voluntary agreement between defendants and Ms. Allen and Mr. Dunn. Defense counsel further maintained that in several weeks, Ms. Allen and Mr. Dunn earned more under the alternative pay structure at the higher base wage than if they had been paid overtime after forty (40) hours of work at their previous, lower base wage rate.

19. The resolutions reached for Ms. Allen and Mr. Dunn were tied directly to the alleged underpayment of overtime to each individual.

20. The settlement agreed to for Ms. Dunn represents more than 66% of her "best day" number (applying her higher wage rate to all hours worked). The settlement agreed to for Mr. Dunn represents 49% of his "best day" calculation (applying his higher wage rate to all hours worked **plus** utilizing the FLSA's three (3) year lookback window, a point that was highly contested due to the agreed upon nature of the alternative pay arrangement).

21. If this matter had continued in litigation, plaintiffs would have faced significant challenges including the contesting of liability, the calculation of damages accounting for offsets in workweeks where the employees would have earned more if not for the alternative pay structure, as well as the willfulness of defendants' conduct triggering the three (3) year lookback window.

22. Further, the parties would have had to engage in extensive written and oral discovery, at great cost to all involved.

23. Upon completion of discovery, defendants likely would have moved for partial or full summary judgment, as well as potential decertification of the putative class.

24. During the good faith, highly contested, arms-length negotiation between counsel, damages for Ms. Allen and Mr. Dunn were determined and agreed to before any conversation regarding a potential award of attorney's fees and costs.

25. In the experience of undersigned counsel, the above settlements represent a good, certain result for Ms. Allen and Mr. Dunn as weighed against the speculative recovery of further litigation, including trial and appellate outcomes.

**Legal Counsel's Work on this Matter**

26. Undersigned counsel agreed to take this matter on a complete contingency fee. Neither Ms. Allen nor Mr. Dunn has advanced any of their own monies toward the prosecution of this matter.

27. If there had not been an agreed upon settlement prior to trial in this matter, undersigned counsel may not have recovered any fees nor any costs advanced.

28. The risks in taking this matter were real in that the time and resources dedicated to the prosecution of this action were not available to counsel's other cases or clients.  Counsel's risk, as well as the excellent results obtained on behalf of Ms. Allen and Mr. Dunn, support the requested fees and costs.

29. The lodestar work performed by counsel is that attorney Robb Stokar dedicated 42.4 hours of attorney time to this matter and Stokar Law, LLC's legal consultant  Adrianne Stella dedicated 2.7 hours of time to this matter.

30. The work performed included researching the claim, drafting the pleadings and motions, disseminating notice, reviewing payroll records and negotiating the resolution to this claim.

31. As an issue of compromise, undersigned counsel agreed to cap the hours spent on this matter upon agreement of the damages to Ms. Allen and Mr. Dunn in this case and is not seeking a fee award for the time spent drafting the Motion for Approval, Settlement Agreement, and this Declaration.

32. Counsel estimates he has spent in excess of ten (10) hours preparing the documents necessary to perfect the settlement and has not asked to be paid for this time.

33. Due to the privileged and confidential information contained in the billing records associated with this matter, the records are not attached to the declaration. However, should the Court request, counsel will make them available for an *in camera* inspection.

34. The time reflected above was actually spent, in exercise of reasonable judgment, by the lawyer and legal consultant involved. Counsel was careful not to expend unnecessary hours and not duplicate work. The time spent on this case reflects only work done on behalf of Ms. Allen or Mr. Dunn.

35. Mr. Stokar's education and experience is detailed in paragraphs 6-10 above.

36. Ms. Stella holds an undergraduate degree from the University of Michigan and a law degree from DePaul University College of Law. She previously practiced labor and employment law in Illinois and New York and was offered an equity partnership before relocating to Ohio. She is currently on "retired" status in Illinois and New York and has never held a license to practice law in Ohio. She has worked with Mr. Stokar as a legal consultant for approximately six (6) years.

37. Mr. Stokar is requesting an hourly rate of $395 per hour and for Ms. Stella a rate of $175 per hour.

38. Robb Stokar has been awarded rates in this judicial district ranging from $395 per hour (*Kimber Baldwin Designs, LLC v. Silv Communications, Inc. et. al.* SDOH Case No. 1:2016cv00448 at Doc. IDs 36, 37) up to $759 per hour (*Smith et. al. v. Fifth Third Bank*, SDOH Case No. 1:2018cv00464 at Doc. IDs 127, 128, 130). Ms. Stella was awarded a rate of $175 per hour in the *Smith* matter.

39. The rates requested in this matter ($395 per hour and $175 per hour) are consistent with other FLSA matters locally and nationally and have previously been awarded by judges in the Southern District of Ohio.

40. At the above requested rates, the total attorney's fee on this matter is $17,220.50.

41. As of May 22, 2023, the costs associated with prosecution of this matter are the filing fee ($402.00, paid June 21, 2022), postage related to service of the summons and waiver packet ($23.07, paid June 21, 2022), and postage related to mailing the Notice ($16.82, paid November 2, 2022).

42. The expenses incurred pertaining to this case are reflected in the books and records of Minnillo Law Group and Stokar Law, LLC. These books and records are an accurate reflection of the reasonable and necessary expenses incurred in the prosecution of this case.

Executed this 28th day of June 2023 in Cincinnati, Hamilton County, Ohio.

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)